UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-CIV-22967-HUCK/O'SULLIVAN

EXPORTACIONES TEXTILES, S.A. DE C.V.,

    Plaintiff,

v.

ORANGE CLOTHING CO., a Florida corporation,

    Defendant.
_____/

**ORDER**

THIS MATTER is before the Court on the Plaintiff's Motion for Entry of Sanctions as a Result of Discovery Abuses (DE # 131, 5/31/11). Rule 7.1(C), Local Rules for the United States District Court for the Southern District of Florida provides, in pertinent part:

> Each party opposing a motion shall serve an opposing memorandum of law no later than ten days after service of the motion as computed in the Federal Rules of Civil Procedure. **Failure to do so may be deemed sufficient cause for granting the motion by default**. (Emphasis supplied).

Having received no response from the defendants, and a response having been due, in an Order dated July 7, 2011, the undersigned required the defendants to respond to the Plaintiff's Motion for Entry of Sanctions as a Result of Discovery Abuses on or before July 21, 2011 (DE # 140). In the July 7, 2011, Order the defendants were warned that "the failure to file a response may result in a recommendation that the Plaintiff's Motion for Entry of Sanctions as a Result of Discovery Abuses (DE # 131, 5/31/11) be granted in its entirety". As of the date of this Order, the defendants have not filed a response to the Plaintiff's Motion for Entry of Sanctions as a Result of Discovery Abuses (DE # 131, 5/31/11). The plaintiff requests that sanctions be entered, against the defendant, Orange

Clothing Co., Inc., its Corporate Officer, Scott Deutsch and its attorney, Jeffrey Berlowitz, jointly and severally, pursuant to Fed. R. Civ. P. 37 as a result of the appeal and for the defendants delay and obstructive tactics during discovery. The plaintiff requests that the Court enter sanctions against OCC, Deutsch and Berlowitz by awarding attorneys fees and costs to the plaintiff for being "required to undertake discovery in aid of execution . . . since July 28, 2010". <u>Plaintiff's Response in Opposition to Defendant, Orange Clothing Co. And Scott H. Deutsch's Written Objections to and Appeal From Order on Plaintiff's Brief in Discovery in Aid of Execution and For the Entry of Sanctions as a Result of Discovery Abuses</u> (DE # 131, 5/31/11) at p. 6. Rule 37(d)(3) provides that:

> Instead of or in addition to [the sanctions listed in Rule 37(b)(2)(A)(I)-(vi)], the court must require the party failing to act, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d)(3). Rule 37(d)(3) permits the Court to impose additional sanctions on the plaintiff and/or the plaintiff's counsel for failing to act. <u>Id.</u> The Court may impose broad sanctions under Rule 37 for discovery-related abuses. <u>See</u> <u>In re Seroquel Products Liability Litigation</u>, 244 F.R.D. 650, 656 (M.D. Fla. 2007). An individual may avoid sanctions under Rule 37(d)(3) if he or she shows that the failure to act was "substantially justified" or if the Court determines that the imposition of additional sanctions would be unjust. Fed. R. Civ. P. 37(d)(3). "Substantially justified means that reasonable people could differ as to the appropriateness of the contested action." <u>Maddow v. Procter & Gamble Co.</u>, 107 F.3d 846, 853 (11th Cir. 1997) (citing <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988)). The defendants failed to respond to the Plaintiff's Motion for Entry of Sanctions as a Result of Discovery Abuses (DE # 131, 5/31/11), even after being ordered by this Court to do so.

The request for fees and costs is properly supported by the declaration of Christine Lamia (DE# 39, 5/31/11).  Accordingly, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion for Entry of Sanctions as a Result of Discovery Abuses (DE # 131, 5/31/11) is GRANTED.  The plaintiff is awarded sanctions in the amount of $91,221.80 for attorneys fees and costs against Orange Clothing Co., Inc., its Corporate Officer, Scott Deutsch, and its attorney, Jeffrey Berlowitz.

DONE AND ORDERED, in Chambers, in Miami, Florida, this 1st day of August, 2011.

_____
JOHN J. O'SULLIVAN
UNITED   STATES   MAGISTRATE   JUDGE

Copies furnished to:
United States District Judge Huck
All counsel of record