**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.  09-CIV-22967-HUCK/O'SULLIVAN

EXPORTACIONES TEXTILES, S.A. DE C.V.,

     Plaintiff,

v.

ORANGE CLOTHING CO., a Florida corporation,

     Defendant.

_____/

**ORDER**

THIS MATTER is before the Court on the Plaintiff's Motion for Entry of Sanctions as a Result of Discovery Abuses (DE # 131, 5/31/11).  The plaintiff requests that sanctions be entered, against the defendant, Orange Clothing Co., Inc., (OCC), its Corporate Officer, Scott Deutsch and its attorney, Jeffrey Berlowitz, jointly and severally, pursuant to Fed. R. Civ. P. 37 as a result of the appeal and for the defendants delay and obstructive tactics during discovery.  The plaintiff requests that the Court enter sanctions against OCC, Deutsch and Berlowitz by awarding attorneys fees and costs to the plaintiff for being "required to undertake discovery in aid of execution . . . since July 28, 2010". <u>Plaintiff's Response in Opposition to Defendant, Orange Clothing Co. And Scott H. Deutsch's Written Objections to and Appeal From Order on Plaintiff's Brief in Discovery in Aid of Execution and For the Entry of Sanctions as a Result of Discovery Abuses</u> (DE # 131, 5/31/11) at p. 6.  Rule 37(d)(3) provides that:

    Instead of or in addition to [the sanctions listed in Rule 37(b)(2)(A)(I)-(vi)], the court must require the party failing to act, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other

circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d)(3).  Rule 37(d)(3) permits the Court to impose additional sanctions on the plaintiff and/or the plaintiff's counsel for failing to act. Id. The Court may impose broad sanctions under Rule 37 for discovery-related abuses. See In re Seroquel Products Liability Litigation, 244 F.R.D. 650, 656 (M.D. Fla. 2007). An individual may avoid sanctions under Rule 37(d)(3) if he or she was "substantially justified" or if the Court determines that the imposition of additional sanctions would be unjust. Fed. R. Civ. P. 37(d)(3). "Substantially justified means that reasonable people could differ as to the appropriateness of the contested action." Maddow v. Procter & Gamble Co., 107 F.3d 846, 853 (11th Cir. 1997) (citing Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

The plaintiff's request for sanctions made in the Plaintiff's Motion for Entry of Sanctions as a Result of Discovery Abuses (DE # 131, 5/31/11) was previously made by the plaintiff and ruled on with a favorable result for OCC, Deutsch and Berlowitz in this Court's Order entered May 2, 2011, (DE#124).  The plaintiff did not object to that ruling nor did the plaintiff appeal that Order.  Accordingly, the aforementioned Order stands, and no additional sanctions for that behavior shall be awarded.

The only remaining sanction for consideration to be entered against OCC, Deutsch and Berlowitz, is for the appeal by OCC, Deutsch and Berlowitz of the May 2, 2011, ruling. Judge Huck denied that appeal.  As noted above, under Fed. R. Civ. P. 37 if the appeal was substantially justified, an award of sanctions is inappropriate.  OCC, Deutsch and Berlowitz were not successful in their appeal, however, they were substantially justified in pursuing the appeal.  Their appeal cited case law that supported their position.  The appeal by OCC, Deutsch and Berlowitz was substantially justified and an award of sanctions would

be unjust.   Accordingly, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion for Entry of Sanctions as a

Result of Discovery Abuses (DE # 131, 5/31/11) is DENIED in accordance with the

foregoing Order.

DONE AND ORDERED, in Chambers, in Miami, Florida, this 15th day of September,

2011.

JOHN J. O'SULLIVAN
UNITED   STATES   MAGISTRATE   JUDGE

Copies furnished to:
United States District Judge Huck
All counsel of record